BAKER & ANJOMI
Robert David Baker, Esq. (87314)
Nieve Anjomi (219299)
1611 The Alameda
San Jose, CA 95126
(408) 292-8555
(408) 292-0703

**Attorneys for Plaintiff,**
**BENNY DELA PENA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA,

BENNY DELA PENA,

    **Plaintiff,**

vs.

HILTON HOTELS CORPORATION,

    **Defendants.**

CASE NO. C05 04650

**COMPLAINT FOR DAMAGES**

### PRELIMINARY STATEMENT

1. Plaintiff brings this action to require Defendant to pay back wages owed to Plaintiff, which Defendant failed to pay in violation of section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, et seq. (hereinafter referred to as "FLSA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction of Plaintiff's claims pursuant to 29 U.S.C. § 216, 28 U.S.C. § 1331, and 28 U.S.C. § 1337 and under the doctrine of pendent jurisdiction.

### PARTIES

3. Plaintiff BENNY DELA PENA is an individual who has his permanent place of residence in Alameda County, CA.

4. Defendant HILTON HOTELS CORPORATION, ("HILTON") is a Delaware Corporation that conducts business in the County of Santa Clara, State of California.

## FACTS

5. Plaintiff was hired by Defendant in 1994.

6. Plaintiff was employed as a host but was given the title of assistant manager.

7. Defendant claimed Plaintiff was exempt for purposed of overtime pay.

8. Plaintiff was denied overtime pay. During the term of his employment, Plaintiff was forced to work in excess of eight hours per day and forty hours per week without pay.

9. On or about June 1, 2005, Plaintiff's employment was terminated by Defendant.

## FIRST CAUSE OF ACTION
### (Non-Payment of Overtime Wages – California)
### (Labor Code §§510; 1194)

10. Plaintiff incorporates those paragraphs 1 through 9, inclusive, as if fully set forth hereinafter.

11. At all times hereinafter alleged, Plaintiff was subject to California Labor Code sections 510 and 1194, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code sections 510 and 1173, which requires all employees to be paid overtime wages for work performed in excess of forty hours per week, unless exempted by law.

12. During the period one or about 1994 to June 1, 2005, Plaintiff worked at HILTON as a host, a non-exempt occupation for purposes of overtime pay.

13. During the period 1994 to June 1, 2005, Plaintiff worked in excess of eight (8) hours per day and forty (40) hours per week. Plaintiff received no overtime compensation for the excess hours worked.

14. During the period 1994 to June 1, 2005, Defendant knowingly caused, suffered, and permitted Plaintiff to regularly work in excess of forty hours per week without paying Plaintiff one and one-half, or double of Plaintiff's regular way to pay. Defendant was

fully aware of both the hours worked and duties assigned to Plaintiff. Defendant caused Plaintiff to work such hours without additional compensation or else suffer the loss of her employment.

15. By not paying overtime wages in compliance with state law, Defendant violated Plaintiff's rights under the law, specifically, California Labor Code section 1194.

16. As a direct and proximate result of Defendant's failure to pay proper wages under the California Wage Orders, Plaintiff incurred has incurred general damages in the form of loss of wages.

17. The Defendants were aware of the existence and requirements of California Labor Code sections 510 and 1194, and intentionally disregarded in the law as embodied in those Labor Code sections.

THEREFORE, PLAINTIFF PRAYS FOR DAMAGES AS SET FORTH HEREINAFTER

## SECOND CAUSE OF ACTION
(Non-Payment of Overtime Wages – Federal)
(29 U.S.C. §201 *et seq.*)

18. Plaintiff incorporates those paragraphs 1 through 17, inclusive, as if fully set forth hereinafter;

19. At all times hereinafter alleged, Plaintiff was employed by Defendants within the meaning of the FLSA, 29 U.S.C. §203(g);

20. During the period one or about 1994 to June 1, 2005, Plaintiff worked at HILTON as a host, a non-exempt occupation for purposes of overtime pay;

21. During the period 1994 to June 1, 2005, Plaintiff worked in excess of eight (8) hours per day. Plaintiff received no overtime compensation for the excess hours worked;

22. During the period 1994 to June 1, 2005, Defendant knowingly caused, suffered, and permitted Plaintiff to regularly work in excess of eight hours per day without paying

Plaintiff one and one-half, or double of Plaintiff's regular rate of pay. Defendant was fully aware of both the hours worked and duties assigned to Plaintiff. Defendant caused Plaintiff to work such hours without additional compensation or else suffer the loss of his employment;

23. Defendants violated the FLSA, 29 U.S.C. §207(a)(1) by failing to pay Plaintiff one and one-half times his regular pay rate for his work in excess of eight hours per day;

24. As a direct and proximate result of Defendant's failure to pay proper wages under the FLSA, Plaintiff is entitled to his overtime wages, an additional and equal amount in liquidated damages, and costs of court, pursuant to 29 U.S.C. §216(b);

THEREFORE, PLAINTIFF PRAYS FOR DAMAGES AS SET FORTH HEREINAFTER

### THIRD CAUSE OF ACTION
### (Underpaid Wages)
### (Labor Code §558)

25. Plaintiff incorporates those paragraphs 1 through 24, inclusive, as if fully set forth hereinafter;

26. At all times hereinafter alleged, Plaintiff was subject to California Labor Code sections 510 *et seq.* and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code sections 510 *et seq.*, which requires all employees to be paid overtime wages for work performed in excess of forty hours per week, unless exempted by law;

27. During the period one or about 1994 to June 1, 2005, Plaintiff worked at HILTON as a host, a non-exempt occupation for purposes of overtime pay;

28. During the period 1994 to June 1, 2005, Plaintiff worked in excess of eight (8) hours per day and forty (40) hours per week. Plaintiff received no overtime compensation for the excess hours worked;

29. During the period 1994 to June 1, 2005, Defendant knowingly caused, suffered, and permitted Plaintiff to regularly work in excess of forty hours per week without paying Plaintiff one and one-half, or double of Plaintiff's regular way to pay. Defendant was fully aware of both the hours worked and duties assigned to Plaintiff. Defendant caused Plaintiff to work such hours without additional compensation or else suffer the loss of her employment;

30. By not paying wages in compliance with state law, Defendant violated Plaintiff's rights under the law, specifically, California Labor Code section 510;

31. As a direct and proximate result of Defendant's failure to pay proper wages under the California Wage Orders, Plaintiff incurred has incurred general damages in the form of loss of wages;

32. As a direct and proximate result of Defendant's failure to pay proper wages under the California Wage Orders and Labor Code sections 510 *et seq.*, Plaintiff is entitled to damages as set forth in California Labor Code section 558;

THEREFORE, PLAINTIFF PRAYS FOR DAMAGES AS SET FORTH HEREINAFTER

1. For General Damages, including lost wages and lost benefits;
2. For Special Damages according to proof;
3. For Punitive Damages according to proof;
4. For Attorney Fees;
5. For liquidated damages according to 29 U.S.C. §216(b);
6. For statutory penalties and interest;
7. For costs of suit and prejudgment interest;

8. For any further relief as deemed appropriate by this court.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION**

Dated: November 7, 2005

                                      BAKER & ANJOMI

                                      Robert David Baker, Esq.
                                      Attorney for Plaintiff